IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| ECHO GLOBAL LOGISTICS, INC., | : SECURITIES EXCHANGE ACT OF 1934 |
| DOUGLAS R. WAGGONER, WILLIAM M. | : |
| FARROW III, MATT FERGUSON, DAVID | : |
| HABIGER, SAMUEL K. SKINNER, and | : |
| VIRGINIA HENKELS, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On September 9, 2021, Echo Global Logistics, Inc. ("Echo" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Einstein Midco, LLC and Einstein Merger Sub, Inc. (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Echo's stockholders will receive $48.25 in cash per share.

3. On October 21, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Echo common stock.

9.      Defendant Echo is a Delaware corporation. Echo's common stock is traded on the NASDAQ under the ticker symbol "ECHO."

10.     Defendant Douglas R. Waggoner is Chief Executive Officer and Chairman of the Board of Directors of Echo (the "Board").

11.     Defendant William M. Farrow III is a member of the Board.

12.     Defendant Matt Ferguson is a member of the Board.

13.     Defendant David Habiger is a member of the Board.

14.     Defendant Samuel K. Skinner is a member of the Board.

15.     Defendant Virginia Henkels is a member of the Board.

16.     Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual

Defendants."

## SUBSTANTIVE ALLEGATIONS

17. Echo offers freight brokerage and Managed Transportation solutions for all major modes, including truckload, partial truckload, LTL, intermodal, and expedited.

18. On September 9, 2021, Echo entered into the Merger Agreement.

19. The press release announcing the Proposed Merger provides as follows:

Echo Global Logistics, Inc. (Nasdaq: ECHO) ("Echo"), a leading provider of technology-enabled transportation and supply chain management services, today announced that it has entered into a definitive agreement to be acquired by funds managed by The Jordan Company, L.P. ("TJC"), a global private equity firm, for an equity value of approximately $1.3 billion. Through this transaction, Echo will become a private company which it expects will provide additional resources and greater flexibility to continue to build its technology and data science platform and enhance its value proposition to shippers and carriers. Additionally, the transaction will allow Echo to benefit from the operating capabilities, capital support and sector expertise of The Jordan Company.

**Transaction Details**

Under the terms of the agreement, Echo stockholders will receive $48.25 per share in cash, which represents a premium of approximately 54% over Echo's closing share price on September 9, 2021 and a premium of approximately 32% over Echo's all time high closing share price on September 10, 2018. Echo believes that the transaction provides its stockholders with an attractive premium that delivers immediate compelling value for their shares. The definitive agreement was unanimously approved by Echo's Board of Directors, which recommended that Echo's stockholders approve the agreement.

The acquisition is subject to customary closing conditions, including stockholder approval and the expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act. The transaction is expected to be completed in the fourth quarter of 2021. The closing is not subject to a financing condition.

"I'm thrilled to partner with TJC as they bring significant expertise and industry experience to enable Echo to further accelerate our success in the market," said Doug Waggoner, Chairman of the Board of Directors and Chief Executive Officer at Echo. "In addition, having an experienced financial partner, with resources to fund continued growth, will result in a more rapid expansion of Echo's supply chain

capabilities, including all of the automation planned to enable both our people and our digital freight marketplace."

"We are impressed with Echo's people, technology, and business results, since their founding in 2005, and are excited that Echo's leadership selected TJC as their partner in this recapitalization," said Brian Higgins, head of TJC's logistics and supply chain vertical. "We strongly support the team's vision for continued growth and look forward to partnering with them as we bring expanded financial resources and expertise to accelerate Echo's technology leadership that has set the company apart from its competitors."

**Advisors**

Morgan Stanley & Co. LLC is serving as exclusive financial advisor to Echo, and Winston & Strawn LLP is serving as legal counsel to Echo. Citi is serving as financial advisor to TJC and Kirkland & Ellis LLP is serving as legal counsel to TJC. Credit Suisse AG and Citi will provide financing for the transaction.

20. On October 21, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

21. The Proxy fails to disclose material information regarding Echo's financial projections, specifically: the line items used to calculate the financial projections.

22. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

23. The Proxy fails to disclose material information regarding the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

4

24. Regarding Morgan Stanley's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values used in the analysis; (ii) the unlevered free cash flows used in the analysis and the underlying line items; and (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

25. Regarding Morgan Stanley's Discounted Equity Value Analysis, the Proxy fails to disclose the inputs and assumptions underlying the discount rate used in the analysis.

26. Regarding Morgan Stanley's Relative Equity Research Analysts' Future Price Targets analysis, the Proxy fails to disclose: (i) the price targets used in the analysis; and (ii) the sources of the price targets.

27. Regarding Morgan Stanley's Illustrative Leveraged Buyout Analysis, the Proxy fails to disclose the inputs and assumptions underlying the internal rates of return used in the analysis.

## Banker Engagement

28. The Proxy fails to disclose the fees Morgan Stanley has received or will receive for providing services to "Buyer and certain of its affiliates."

## COUNT I

**Claim Against the Individual Defendants and Echo for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31. Echo is liable as the issuer of these statements.

32. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

33. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

36. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

37. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Echo within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41. Due to their positions as officers and/or directors of Echo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements

contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

45. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: November 8, 2021

GRABAR LAW OFFICE

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*